DECISION
{¶ 1} On April 24, 2007, as the result of a motor vehicle collision, Mary and Craig Martin filed a negligence lawsuit in which Moustapha Kebe was named the defendant. An attempt was made to serve Kebe at a former address and the certified mail was returned, marked "Undeliverable as Addressed — Forwarding Order Expired."
 {¶ 2} On May 7, 2008, counsel for Kebe filed a motion to dismiss the lawsuit because service had never been perfected on Kebe. Counsel for the Martins responded with a memorandum in response, detailing his interaction with Kebe's insurance adjuster *Page 2 
and the insurance company which insured Kebe's motor vehicle. Counsel for the Martins did not claim that service upon Kebe was ever perfected.
 {¶ 3} The trial court judge sustained the motion to dismiss, resulting in this appeal. Counsel for the Martins assigns a single error for our consideration:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING DEFENDANT-APPELLEE'S [MOTION] TO DISMISS AS SERVICE UPON DEFENDANT-APPELLEE WAS LEGALLY SUFFICIENT.
 {¶ 4} Counsel argues that since he e-mailed a copy of the lawsuit complaint to the adjuster handling the case on behalf of the insurance company which insured Kebe's motor vehicle, he provided the complaint in a way such that Kebe was on notice of the lawsuit.
 {¶ 5} The Ohio Rules of Civil Procedure set forth the ways for commencing a lawsuit in this state. Sending a copy of a complaint to a former address and having the certified mail be returned does not constitute valid service of process. Unfortunately, counsel for the Martins took no other action which corresponds with the Ohio Rules of Civil Procedure, specifically Civ. R. 4 and 4.1. Since no service of process occurred, the lawsuit had to be dismissed.
 {¶ 6} The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 KLATT and FRENCH, JJ., concur. *Page 1